# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IKEMEFUNA CHUKWURAH, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-19-782 |
| GOOGLE, LLC,[1] | * | |
| SUNDAR PICHAI, | * | |
| Defendants | | |

\*\*\*

## **MEMORANDUM OPINION**

Plaintiff Ikemefuna Chukwurah has filed this defamation action against Defendants Google, LLC ("Google") and Sundar Pichai, Chief Executive Officer of Google. ECF No. 1. Pending and ripe for consideration is Defendants' Motion to Dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 9. Also, under consideration are Plaintiff's Motions for an Extension of Time, to Appoint Counsel, and for Leave to File a Surreply. ECF No. 13; ECF No. 18; ECF No. 20. For the following reasons, Defendant's motion is granted and Chukwurah's motions are denied.

**I.  Background**

Plaintiff is an inmate at the Maryland Correction Training Center. In 2002, he pleaded guilty in the Circuit Court for Prince George's County, Maryland to first degree murder and related offenses and was sentenced to fifty years' incarceration. *State v. Chukwurah,* Criminal Case No. CT020847X (P.G. Cty. Feb. 13, 2004); Maryland Judiciary Case Search Criteria, MD. JUDICIARY, http://casesearch.courts.state.md.us (select "Prince George's County Circuit Court"

---

[1] The Clerk shall amend the docket to identify Defendant as Google, LLC. *See* ECF No. 9-1 at 6 (noting Plaintiff incorrectly identified Defendant as Google, Inc.).

from court field and type "CT020847X" into case number field; then follow "Get Case" hyperlink). The Complaint avers that beginning February 28, 2014, Google identified Chukwurah as a "a triple murderer serving 50 years in a Maryland." ECF No. 1 at 3. The Complaint further contends that this listing is based on "fraudulent documentation" originating with the Clerk of the Circuit Court for Prince George's County, Maryland. *Id.* As injury, Chukwurah claims that Google has "demonized him beyond repair. I can't even meet/make friends anymore," and as relief, he seeks $50 million in damages and for Google to correct the purported misinformation. *Id.*[2]

In moving to dismiss the Complaint, Google contends that as an automated search engine provider with no role creating the allegedly defamatory content, the claims are barred by the Communications Decency Act, 47 U.S.C. § 230 (2012) ("Section 230" or the "CDA"). As to Sundar Pichai, Defendants argue dismissal is warranted because the Complaint does not address Pichai's role in the claim at all. The Court addresses both contentions.

## II.     Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "is to test the sufficiency of the complaint." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n.3 (2007). The complaint must do more than provide "a formulaic recitation of the elements of a cause of

---

[2] In a related case, *Chukwurah v. Circuit Court for Prince George's Cty.*, Civil Action No. PX-19-1910, 2019 WL 3067496, at *2 (D. Md. July 12, 2019), Chukwurah claimed that the court records for the underlying criminal case were "completely wrong." On July 12, 2019, the Court dismissed the Complaint for failure to state a cognizable federal claim and on the grounds of absolute quasi-judicial immunity. *Id.* at *2–*3.

action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted). At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver,* 510 U.S. 266, 268, (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)). Although a court should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal,* 556 U.S. at 678.

### III. Discussion

To bring a common law defamation claim in Maryland, a plaintiff must aver plausibly "(1) the defendant made a defamatory statement to a third person (a requirement known as publication); (2) the statement was false; (3) the defendant was legally at fault in making the statement; and (4) the plaintiff thereby suffered harm." *Doe v. Johns Hopkins Health Sys. Corp.*, 274 F. Supp. 3d 355, 365 (D. Md. 2017) (citing *Gohari v. Darvish,* 363 Md. 42, 54 (2001)). Importantly, each alleged defamatory statement must be specifically alleged. *Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 757–58 (D. Md. 2015) (dismissing defamation claim where plaintiffs "fail[ed] to specifically allege any particular defamatory statement made to any particular third party").

Here, the Complaint does not include a specific description of the alleged defamatory statements such that the Court could plausibly infer Defendants published falsely that Chukwurah committed three murders instead of one. On this basis alone, the Complaint fails to state a defamation claim.

Alternatively, it appears that any claim against Google is statutorily barred by the CDA. Section 230(c)(1) of the CDA precludes suit against an "interactive computer service" (such as Google) that is treated as the "publisher or speaker" of information provided by a third party (such as the Clerk of Court). *See, e.g., Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 254 (4th Cir. 2009) ("[Section 230] bar[s] state-law plaintiffs from holding interactive computer service providers legally responsible for information created and developed by third parties."). In this respect, the CDA makes plain that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3).

Interpreting the CDA, the United States Court of Appeals for the Fourth Circuit has explained that the CDA is designed to protect interactive computer service providers from liability when such providers play no role in content creation; the Act's purpose, in this respect, is to preserve "'vibrant and competitive free market' of ideas on the Internet." *Nemet Chevrolet*, 591 F.3d at 254 (4th Cir. 2009) (quoting 47 U.S.C. § 230(b)(2)); *see also Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330–31 (4th Cir. 1997) ("Congress made a policy choice . . . not to deter harmful online speech through the separate route of imposing tort liability on companies that serve as intermediaries for other parties' potentially injurious messages."). To effectuate the CDA's purposes, "courts have generally accorded [Section] 230 immunity a broad scope." *Nemet Chevrolet*, 591 F.3d at 254. This includes requests for injunctive relief requiring removal or altering disputed third-party content. *See, e.g., Noah v. AOL Time Warner, Inc.,* 261 F. Supp. 2d 532, 540 (E.D. Va. 2003).

Assuming the Complaint facts are true and construed most favorably to Chukwurah, the Court, at best, may plausibly infer that Google amounted to the search engine which linked

4

Chukwurah's name to content created and published by the Circuit Court. Even Chukwurah concedes that Google "is a search engine who didn't start this defamation." ECF No. 11 at 3. Thus, the CDA precludes the common law defamation claims against Google as a third-party interactive computer service provider.

Chukwurah, in response, seems to argue that the CDA does not bar his claims because Google created the platform that "enabled the defamation of [his] name in a demonizing manner [g]lobally." ECF No. 11 at 3. But this is precisely the service provider's role that the CDA aims to protect. Where, as here, a lawsuit seeks to hold the provider liable for decisions about posting content created by a third party, the CDA precludes the claim against that provider. *See Zeran,* 129 F.3d at 330. Chukwurah's claim against Google is barred under the CDA.

Finally, as to Defendant Pichai, the Complaint avers no facts by which Pichai may be held liable for defamation. Indeed, the Complaint makes no reference to any acts or omissions of Pichai, or any role he played in defaming Chukwurah. The Complaint as to Pichai is thus dismissed for failure to state a claim.

### IV. Chukwurah's Motions

Chukwurah has filed Motions for an Extension of Time and for Appointment of Counsel. ECF No. 13; ECF No. 18. Chukwurah also asks for more time to "to present more documents" such as his sentencing transcripts and unspecified Google analytical data, but offers no explanation for why such documents are germane to his claims. This Court has also considered separate correspondence with exhibits that Chukwurah has filed, all of which, for the most part, echo that which he has averred in the Complaint and response to the dismissal motion. Accordingly, Chukwurah has given the Court no good cause to grant his request.

Chukwurah also urges appointment of counsel, arguing that service of his lengthy prison sentence hampers his ability to retain an attorney and effectively litigate his claims. ECF No. 13 at 1; ECF No. 18). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (2012). However, "a plaintiff does not have an absolute right to appointment of counsel." *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987) (citing *Bowman v. White*, 388 F.2d 756 (4th Cir. 1968), *cert. denied* 393 U.S. 891 (1968)). A federal court may appoint counsel under § 1915(e)(1) when an indigent claimant presents exceptional circumstances. *Id.*; *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), (quoting *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978)), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989). In light of this Court's dismissal of the action, no exceptional circumstance exists to warrant the appointment of counsel. The motions are denied.

Chukwurah lastly seeks permission to file a surreply. Local Rule 105.2 (a) provides that "[u]nless otherwise ordered by the court, surreply memoranda are not permitted to be filed." U.S. Dist. Ct. Md. Loc. R. 105.2(a). A surreply may be permitted "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve,* 268 F. Supp. 2d 600, 605 (D. Md. 2003) (citation omitted), *aff'd*, 85 F. App'x. 960 (4th Cir. 2004). The proposed surreply does not respond to "matters presented to the court for the first time in the opposing party's reply," but rather includes information that Plaintiff could have, and did, address in his response. *Khoury,* 268 F. Supp. 2d

at 605; *see e.g., Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 512 n.8 (D. Md. 2009).

Having shown no good grounds for filing a surreply, the motion is denied.

## V.  Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED, and Plaintiff's motions are DENIED.  A separate Order follows.

| | |
|---|---|
|     1/31/20 |     /S/ |
| Date | Paula Xinis |
| | United States District Judge |